IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IVY MARIE BOBO, | No. 3:23-cv-01905-HZ |
| Plaintiff, | OPINION & ORDER |
| v. | |
| STATE OF OREGON, JEFF AUXIER, MULTNOMAH COUNTY SHERIFF, and EAST PRECINCT POLICE STATION, | |
| Defendants. | |

Ivy Marie Bobo
10339 N.E. Prescott St. #310
Portland, OR 97220

    Plaintiff, *Pro Se*

HERNÁNDEZ, District Judge:

    This matter is before the Court on Plaintiff Ivy Marie Bobo's Application to Proceed *In Forma Pauperis*, ECF 2. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). For the reasons below, however, the Court dismisses Plaintiff's

1 – OPINION & ORDER

Complaint without service of process on the ground that Plaintiff fails to allege facts sufficient to establish this Court has jurisdiction. See 28 U.S.C. § 1915(e).

## BACKGROUND

Plaintiff brings this *pro se* Complaint against the State of Oregon, Jeff Auxier, the Multnomah County Sheriff, and the East Precinct Police Station and alleges:

> I am a victim of an assault in the 1st degree Case No. 23-21-1742 and DA Namer 2458600. I requested a warrant for the criminal be subpoena [*sic*] by judge immediately and I was told to call a number.
>
> By not apprehending the criminal for assaulting me which is measure 11 I am going to loose [*sic*] my life in the near future.

Compl. at 4.

## DISCUSSION

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). A court may dismiss *sua sponte* matters over which it does not have jurisdiction. O'Neal v. Price, 531 F.3d 1146, 1154 (9th Cir. 2008).

Federal courts are courts of limited jurisdiction and are not empowered to hear every dispute presented by litigants. See A-Z Intern. v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003) ("It is fundamental to our system of government that a court of the United States may not grant relief absent a constitutional or valid statutory grant of jurisdiction. A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears.")(quotations omitted)). A federal district court is empowered to hear only those cases that are within the judicial power conferred by the United States Constitution and those that fall within the area of jurisdiction granted by Congress. United States v. Ceja-Prado, 333 F.3d 1046, 1049-50 (9th Cir. 2003). See also Richardson v. United States, 943 F.2d 1107, 1112-13 (9th Cir. 1991)(same).

Original jurisdiction must be based on either diversity of citizenship for cases involving more than $75,000 in damages between citizens of different states or on a claim based on the United States Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 1331, 1332.

To establish diversity jurisdiction in the District of Oregon, a plaintiff must allege she resides in the State of Oregon, each of the defendants resides in another state, and the plaintiff seeks damages of more than $75,000. In the alternative, a plaintiff may establish diversity jurisdiction by alleging each of the defendants is a resident of Oregon, the plaintiff is a resident of another state, and the plaintiff seeks damages of more than $75,000. Plaintiff here, however, alleges she is a resident of Oregon and that Defendants are also Oregon residents. Accordingly, Plaintiff has not alleged facts that establish this Court has diversity jurisdiction.

In addition, Plaintiff does not allege Defendants are employed by the federal government or are federal agencies; that Defendants violated Plaintiff's constitutional rights while acting under color of state law as required to state a claim under 42 U.S.C. § 1983; or that Defendants violated Plaintiff's rights under a federal law or statute. Accordingly, Plaintiff has not alleged facts sufficient to establish this Court has federal-question jurisdiction. The Court, therefore, dismisses Plaintiff's Complaint.

## CONCLUSION

For these reasons, the Court grants Plaintiff's Application to Proceed In Forma Pauperis, ECF 2, and dismisses Plaintiff's Complaint without prejudice.

Plaintiff may file an amended complaint to cure the deficiencies noted above no later than March 1, 2024. The Court advises Plaintiff that failure to file an amended complaint by March 1,

3 – OPINION & ORDER

2024, will result in the dismissal of this proceeding with prejudice.

IT IS SO ORDERED.

DATED:  January 29, 2024        .

                                      _____
MARCO A. HERNÁNDEZ
United States District Judge

4 – OPINION & ORDER